**Maurice MULHOLLAND d.b.a. Midwest Realty, Appellant,**

v.

**Dale FERBER, et al., Respondent.**

**No. C3-84-1183.**

Court of Appeals of Minnesota.

Dec. 18, 1984.

D.A. Hoops, Rochester, for appellant.

Ruth Ann Mc Caleb, Dingle, Suk, Wendland & Walters, Ltd., Rochester, for respondent.

Considered and decided by PARKER, P.J., and FORSBERG and RANDALL, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

This is an action by appellant/real estate broker, Maurice Mulholland, for an alleged breach of an exclusive listing agreement by respondents/sellers, the Ferbers. The trial court held that Mulholland was not entitled to damages from the Ferbers and that the Ferbers were entitled to recover costs and disbursements. The court denied Mulholland's motion for amended findings of fact, conclusions of law and order for judgment, and also denied the Ferbers' request for attorney's fees. Mulholland now appeals from the judgment. We affirm.

## FACTS

The facts are not in dispute and have been stipulated. On September 29, 1980, respondents Dale and Sherrie Ferber entered into an Exclusive Listing Agreement with appellant Maurice Mulholland d/b/a Midwest Realty. Mulholland was to find a purchaser or purchasers for real property owned by the Ferbers. Specifically, the agreement provides that:

> This agreement and agency shall remain in effect until Dec. 15, 1980. If before the expiration of this agreement I receive a written offer consistent with the terms of this listing or on other terms accepted by me, I agree to pay you a commission of 6% of the sale price * * * *
>
> I further agree to pay you at the same rate of commission should I contract to sell or exchange the property within 15 days after the expiration date of this agreement to any person to whom, during the period of this agreement, you shall have shown or offered this property, and whose name has been disclosed to me within 72 hours after the expiration of the agreement.

Within the time frame of the listing agreement, Mulholland found James and Paula Harbaugh as purchasers for the property and procured a written purchase agreement from the Harbaughs. According to the purchase agreement, the real estate was to be divided into four parcels. The Harbaughs purchased parcels A and B, and Mulholland was paid a 6% commission on this sale. The Harbaughs purchased an 18-month option on parcel C for $500, on which Mulholland was paid 6% commission. The Harbaughs received a right of first refusal on Parcel D.

On December 3, 1980, the transaction formally "closed." The listing agreement expired on December 15, 1980. On May 10, 1982, within the 18-month option period, the Harbaughs exercised their option and purchased Parcel C. The Ferbers did not

pay Mulholland any commission on this sale. Parcel D remained unsold.

The dispute here centers on Parcel C. Mulholland contends that because his efforts resulted in the sale of the property, the trial court erred in denying his claim for commissions on this sale. The Ferbers argue that the option contract was without the scope of the listing agreement.

## ISSUE

Was Mulholland entitled to a commission for the sale of the property occurring after the expiration of the listing agreement but within the option period?

## ANALYSIS

Appellant argues that the option contract extended the expiration of the listing agreement and because the option was exercised, he is entitled to a commission on that sale. We disagree.

The listing makes no mention of options or the commission to be paid thereon. The appellant did not produce a buyer within the time frame of the listing agreement who became obligated to purchase Parcel C. The optionee (Harbaugh) was ready, willing, and able to purchase the option only and appellant was paid a commission for the option purchase. The payment of this commission was a full performance of the terms of the exclusive listing agreement.

It also is generally the rule in other jurisdictions that the act of an owner of property in consenting to enter into an option contract with a prospective purchaser procured by a broker cannot be construed as a waiver or ratification by the owner of the original terms of the broker's employment. *See generally* Annot., 32 A.L.R.3d 321, 335–338 (1970). Here, those terms specified receipt of an offer to purchase by December 15, 1980. Since the option contract did not satisfy those terms, and the Ferbers did not waive the terms, they are not liable for a sale commission.

## DECISION

Affirmed.